**Yaya SALIOU, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 06–4753–ag.

United States Court of Appeals, Second Circuit.

March 4, 2008.

Matthew J. Harris, New York, NY, for Petitioner.

Michael B. Mukasey, Attorney General; Leslie McKay, Senior Litigation Counsel; Janice K. Redfern, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. ROSEMARY S. POOLER, Hon. PETER W. HALL, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

## SUMMARY ORDER

Petitioner Yaya Saliou, a native and citizen of Togo, seeks review of a September 13, 2006 order of the BIA affirming the June 14, 2005 decision of Immigration Judge ("IJ") Matthew J. D'Angelo denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Saliou,* No. A 95 855 934 (B.I.A. Sept. 13, 2006), *aff'g* No. A 95 855 934 (Immig. Ct. Hartford, June 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004).

Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirements that an alien appeal to the BIA before filing a petition for review, *see Theodoropoulos v. INS,* 358 F.3d 162, 165–69, 174 (2d Cir. 2004), and that on appeal to the BIA, he or she raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues he or she later raises in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin*

*Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Moreover, we have held that a petitioner's "generalized protestations" that he or she is eligible for a category of relief are insufficient to preserve an issue for appeal. *Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007).

Here, Saliou failed to file a brief to the BIA. Saliou's Notice of Appeal to the BIA stated generally that the IJ's decision was "wrong" with regard to the various categories of relief he sought, but it did not mention the IJ's adverse credibility determination, which was the basis for the IJ's denial of Saliou's application. Because Saliou failed to raise before the agency the issue on which the IJ's denial of all of his claims turned, he has failed to preserve that issue for review. Accordingly, we decline to review his claims for asylum, withholding of removal and CAT relief. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.